**GARCIA & ARTIGLIERE**
**Stephen M. Garcia, State Bar No. 123338**
edocs@lawgarcia.com
**David M. Medby, State Bar No. 227401**
edocs@lawgarcia.com
**180 E. Ocean Boulevard, Suite 1100**
**Long Beach, California 90802**
**Telephone: (562) 216-5270**
**Facsimile: (562) 216-5271**

Attorneys for Plaintiff and Putative Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN CONVEY, by and through her Attorney in Fact, Patrick Convey,<br><br>Plaintiff,<br><br>vs.<br><br>ATRIA MANAGEMENT COMPANY, LLC; ASL OPERATING COMPANY, LLC; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO. 2:24-cv-00849<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1. **Violation of the California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, et seq.**<br>2. **Violation of the Consumer Legal Remedies Act (Cal. Civ. Code § 1750, et seq.)**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW MARILYN CONVEY on behalf of herself and a class of similarly situated California consumers and allege upon information and belief and the investigation of counsel, except for information based on personal knowledge as follows:

## THE PARTIES

1. <u>Plaintiff Class</u>. The class sought to be represented is defined as follows: All persons who resided in (or continue to reside in) any California Residential Care

M:\Atria Management, In Re (24-005)\Pleadings\Complaint.docx

GARCIA & ARTIGLIERE
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 · FACSIMILE (562) 216-5271

Facility for the Elderly (RCFE) owned, operated, and/or managed by the defendants named herein at any portion of the time period of four years prior to the date of the filing of this Complaint through the date of the final disposition of this action. The class does not include: (a) any officers, directors or employees of the Defendants; (b) any judge assigned to hear this case (or spouse or family member of any assigned judge); (c) any juror selected to hear this case.

2.    <u>Individual Plaintiff/Class Representative</u>.  The individually-named plaintiff, MARILYN CONVEY, at all times relevant hereto domiciled in and a citizen of the State of California, was a resident of one of the RCFEs owned, operated, managed and/or controlled by the Defendants in the State of California. MARILYN CONVEY entered into a standard admission agreement with the Defendants in becoming a resident of ATRIA MANAGEMENT COMPANY, LLC doing business under the fictitious business name Atria Hacienda, and therefore entered into a transaction for the sale or lease of services with the DEFENDANTS as defined in Cal. Civil Code, § 1770. Plaintiff is a "person," a "senior citizen," and a "consumer" as defined by Cal. Civil Code, § 1761 in that she is an individual over the age of 65 years who sought or acquired, by purchase or lease, services for personal purposes.

3.    During her residency at ATRIA MANAGEMENT COMPANY, LLC doing business under the fictitious business name Atria Hacienda, MARILYN CONVEY had paid for services provided by the Defendants via private pay and/or privately acquired insurance.

4.    <u>Defendants</u>. Defendant ATRIA MANAGEMENT COMPANY, LLC and DOES 1-25 (hereinafter sometimes referred to as "DEFENDANTS") regularly conduct business in the State of California, and directly or indirectly owned, licensed, operated, administered, managed, directed, and/or controlled thirty-one (31) RCFEs in the State of California. Defendant ATRIA MANAGEMENT COMPANY, LLC, a citizen of Delaware in that its sole member ASL OPERATING COMPANY, LLC is a citizen of Delaware, is the licensee or co-licensee of the following thirty-one (31)

GARCIA & ARTIGLIERE
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

RCFEs doing business in California under the following fictitious business names:

(1)    Atria at Foster Square, a 216-bed RCFE located at 707 Thayer Lane, Foster City, CA 94404.

(2)    Atria Carmichael Oaks, a 95-bed RCFE located at 8350 Fair Oaks Blvd., Carmichael, CA 95608.

(3)    Atria Collwood, a 185-bed RCFE located at 5308 Monroe Avenue, San Diego, CA 92115.

(4)    Atria Covell Gardens, a 210-bed RCFE located at 1111 Alvarado Avenue, Davis, CA 95616.

(5)    Atria Covina, a 90-bed RCFE located at 825 W. San Bernardino Road, Covina, CA 91722.

(6)    Atria Del Rey, a 145-bed RCFE located at 8825 Baseline Road, Rancho Cucamonga, CA 91730.

(7)    Atria Del Sol, a 120-bed RCFE located at 23792 Marguerite Pkwy, Mission Viejo, CA 92692.

(8)    Atria El Camino Gardens, a 325-bed RCFE located at 2426 Garfield Ave., Carmichael, CA 95608.

(9)    Atria Evergreen Valley, a 134-bed RCFE located at 4463 San Felipe Road, San Jose, CA 95135.

(10)    Atria Golden Creek, a 155-bed RCFE located at 33 Creek Road, Irvine, CA 92604.

(11)    Atria Grand Oaks, a 140-bed RCFE located at 2177 E. Thousand Oaks Blvd., Thousand Oaks, CA 91362.

(12)    Atria Grass Valley, a 116-bed RCFE located at 150 Sutton Way, Grass Valley, CA 95945.

(13)    Atria Hacienda, a 266-bed RCFE located at 44600 Monterey Avenue, Palm Desert, CA 92260.

(14)    Atria Hillcrest, a 207-bed RCFE located at 405 Hodencamp Road,

GARCIA & ARTIGLIERE
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

Thousand Oaks, CA 91360.

(15)   Atria Las Posas, a 140-bed RCFE located at 24 Las Posas Road, Camarillo, CA 93010.

(16)   Atria Newport Beach, a 195-bed RCFE located at 393 Hospital Road, Newport Beach, CA 92663.

(17)   Atria Newport Plaza, a 160-bed RCFE located at 1455 Superior Avenue, Newport Beach, CA 92663.

(18)   Atria Palm Desert, a 154-bed RCFE located at 44300 San Pascual Avenue, Palm Desert, CA 92260.

(19)   Atria Park of Lafayette, a 130-bed RCFE located at 1545 Pleasant Hill Rd., Lafayette, CA 94549.

(20)   Atria Park of Pacific Palisades, a 60-bed RCFE located at 15441 W. Sunset Blvd., Pacific Palisades, CA 90272.

(21)   Atria Park of San Mateo, a 175-bed RCFE located at 2883 S. Norfolk Street, San Mateo, CA 94403.

(22)   Atria Park of Vintage Hills, a 143-bed RCFE located at 41780 Butterfield Stage Road, Temecula, CA 92592.

(23)   Atria Rocklin, a 105-bed RCFE located at 3201 Santa Fe Way, Rocklin, CA 95765.

(24)   Atria San Juan, a 140-bed RCFE located at 32353 San Juan Creek Road, San Juan Capistrano, CA 92675.

(25)   Atria Santa Clarita, a 160-bed RCFE located at 24431 Lyons Avenue, Santa Clarita, CA 91321.

(26)   Atria Sunnyvale, a 160-bed RCFE located at 175 E. Remington Drive, Sunnyvale, CA 94087.

(27)   Atria Tamalpais Creek, a 180-bed RCFE located at 853 Tamalpais Avenue, Novato, CA 94947.

(28)   Atria Tarzana, a 136-bed RCFE located at 5325 Etiwanda Ave., Tarzana,

GARCIA & ARTIGLIERE
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

CA 91356.

(29) Atria Valley View, a 153-bed RCFE located at 1228 Rossmoor Pkwy., Walnut Creek, CA 94595.

(30) Atria Walnut Creek, a 200-bed RCFE located at 1400 Montego, Walnut Creek, CA 94598.

(31) Atria Willow Glen, a 63-bed RCFE located at 1660 Gaton Dr., San Jose, CA 95125.

(hereinafter these 31 facilities shall be referred to collectively as the "FACILITIES"). Defendant ATRIA MANAGEMENT COMPANY, LLC is a "person" within the meaning of Cal. Civil Code, §1761 in that it is a limited liability company.

5. Defendants ASL OPERATING COMPANY, LLC, which is a citizen of Delaware in that it is formed in Delaware and upon information and belief each of its members are also citizens of Delaware, and DOES 26 through 50 (hereinafter the "MANAGEMENT DEFENDANTS") were at all relevant times ATRIA MANAGEMENT COMPANY, LLC's owners, operators, parent company, and/or management company of the FACILITIES and actively participated and controlled the business of the FACILITIES and thus provided care as RCFEs (hereinafter the FACILITIES and the MANAGEMENT DEFENDANTS are collectively sometimes jointly referred to as "DEFENDANTS").

6. Plaintiff is unaware of the true names and capacities of Does 1 through 50, inclusive, and therefore sue such defendants by fictitious names. Plaintiff will amend the Complaint to show the true names and capacities of the fictitiously named defendants when they are ascertained. Plaintiff is informed and believes, and on that basis alleges, that Does 1 through 50 are individuals who are the agents, employees and/or representatives of the named defendants. Plaintiff is informed and believes, and on that basis alleges, that Does 1 through 50 are individuals who are the agents, employees, and/or representatives of the named defendants. Plaintiff is informed and believes, and on that basis alleges, that the fictitiously named defendants are liable to

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
M:\Atria Management, In Re (24-005)\Pleadings\Complaint.docx

1    Plaintiff and the class members, and each of them, for the conduct and damages
2    alleged herein.

3    7.    At all times herein mentioned, defendants, and each of them, was the
4    agent, partner, joint venturer, representative, and/or employee of the remaining
5    defendants, and was acting within the course and scope of such agency, partnership,
6    joint venture, and/or employment. Furthermore, in engaging in the conduct described
7    below, the defendants were all acting with the knowledge, consent, approval, and/or
8    ratification of their co-defendants.

9    ## JURISDICTION AND VENUE

10    8.    This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332
11    in that all Plaintiffs and putative class members are citizens of a different state than
12    all Defendants.

13    9.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2)
14    because a substantial part of the events or omissions giving rise to the claim occurred,
15    or a substantial part of property that is the subject of this action is situated in, this
16    district in that at least fifteen (15) of DEFENDANTS' facilities are located in this
17    District and therefore a substantial number of transactions and events giving rise to
18    this lawsuit, including that of MARILYN CONVEY, occurred in this district.

19    ## CLASS ACTION ALLEGATIONS

20    10.    Ascertainable Class. The proposed class is ascertainable. The litigation
21    of the questions of fact and law involved in this action will resolve the rights of all
22    members of the class and hence will have binding effect on all class members. These
23    class members can be readily identified from residency computer files of the
24    defendants and other means readily available to the defendants, and thus the plaintiff,
25    through minimally intrusive discovery. The class is numerous. On information and
26    belief, those class members number more than one thousand (1000). Joinder of all
27    class members is impracticable due to both a reluctance of class members to sue their
28    current caregivers and the relatively small monetary recovery for each class member

GARCIA & ARTIGLIERE
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
M:\Atria Management, In Re (24-005)\Pleadings\Complaint.docx

1    in comparison to the costs associated with separate litigation.

2        11.    <u>Community of Interest</u>. The proposed class has a well-defined

3    community of interest in the questions of fact and law to be litigated. The common

4    questions of law and fact are predominant with respect to the liability issues, relief

5    issues and anticipated affirmative defenses. The named Plaintiff has claims typical of

6    the class members. Without limitation, as a result of defendants' conduct alleged

7    herein, Plaintiff was: (a) deprived of the value of services she bargained for – namely,

8    to be cared for in a RCFE in a manner consistent with statutory and regulatory

9    requirements; and (b) sustained pecuniary loss in an ascertainable amount to be

10   proven at the time of trial. The named Plaintiff can fairly and adequately represent

11   and protect the interests of the class in that there are no conflicts between their

12   interests and the interests of other class members, this action is not collusive, the

13   named Plaintiff and their counsel have the necessary resources to litigate this action,

14   and counsel has the experience and ability required to prosecute this case as a class

15   action.

16       12.    <u>Superiority of Class Adjudication</u>. The certification of a class in this

17   action is superior to the litigation of a multitude of cases by members of the putative

18   class. Class adjudication will conserve judicial resources and will avoid the possibility

19   of inconsistent rulings. Moreover, there are class members who are unlikely to join or

20   bring an action due to, among other reasons, their reluctance to sue their current RCFE

21   and/or their inability to afford a separate action. Finally, equity dictates that all

22   persons who stand to benefit from the relief sought herein should be subject to the

23   lawsuit and hence subject to an order spreading the costs of the litigation among the

24   class members in relationship to the benefits received.

### **ALTER EGO ALLEGATIONS**

26       13.    The DEFENDANTS set forth hereinabove fail to recognize the

27   uniqueness and independence of each of the DEFENDANTS. That at all times

28   relevant hereto there was a such a unity of interest and ownership between the

GARCIA & ARTIGLIERE
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

DEFENDANTS such that the individual distinctions between them had ceased and that the facts as alleged herein are such that an adherence to the fiction of the separate existence of the DEFENDANTS would, under the particular circumstances alleged herein, sanction a fraud and/or promote injustice.

14. At all relevant times, the DEFENDANTS, and each of their tortious acts and omissions, as alleged herein, were done in concert with one another in furtherance of their common design and agreement to accomplish a particular result, namely maximizing profits from the operation of the FACILITIES by underfunding and understaffing the FACILITIES. Moreover, the DEFENDANTS aided and abetted each other in accomplishing the acts and omissions alleged herein. (See Restatement (Second) of Torts §876 (1979)).

15. Upon information and belief, it is alleged that the misconduct of the DEFENDANTS, which led to the violation of the rights of Plaintiff and the class as alleged herein, was the direct result and product of the financial and control policies and practices forced upon the FACILITIES by the financial limitations imposed upon the FACILITIES by the DEFENDANTS, by and through the officers, directors and/or managing agents enumerated in herein below and others presently unknown to PLAINTIFF and according to proof at time of trial.

16. The MANAGEMENT DEFENDANTS controlled the FACILITIES to such a degree that it was a "mere instrumentality" of the MANAGEMENT DEFENDANTS used for an improper purpose.

17. ASL OPERATING COMPANY, LLC owns a 100% equity interest in ATRIA MANAGEMENT COMPANY, LLC and is also the only listed member of ATRIA MANAGEMENT COMPANY, LLC as reported to the Secretary of State of California, with all the legal rights and obligations attendant thereto. ASL OPERATING COMPANY, LLC effectively operates and controls ATRIA MANAGEMENT COMPANY, LLC's operations as its management company.

18. The MANAGEMENT DEFENDANTS direct the expenditures of the

GARCIA & ARTIGLIERE
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

FACILITIES to other companies of the MANAGEMENT DEFENDANTS so that they can unlawfully profit from the operations of the FACILITIES at the expense of the legally mandated care the residents of the FACILITIES require and deserve. Further, the MANAGEMENT DEFENDANTS intentionally hide the multi-tier profiteer effort through manipulation of multiple companies, shell operators and refusal to report all related party transactions to the State of California in violation of applicable rules, laws and regulations.

19.     Accordingly the MANAGEMENT DEFENDANTS in effect control the operations of the FACILITIES.

20.     This includes but is not limited to the legal obligation in the operation of the FACILITIES that "any matter relating to the activities of the limited liability company is decided *exclusively* by the managers" pursuant to *Corporations Code* § 17704.07(c)(1) (emphasis added).) And in fact, in effect, only the manager of the FACILITIES, has the sole capacity to bind the limited liability company and/or execute any instrument on behalf of the limited liability company.

21.     And accordingly any act of the MANAGEMENT DEFENDANTS is imputed to the FACILITIES, pursuant to *Corporations Code* § 300(a), 17703.01(b), (c).

22.     Specifically, at each of the thirty one facilities MANAGEMENT DEFENDANTS exert their control and management through a "Management Agreement" which goes so far as to confirm operational control over each of the thirty one facilities by the MANAGEMENT DEFENDANTS in a consistent and uniform methodology as set forth in the Management Agreement. Further there is a "Master Agreement" by which MANAGEMENT DEFENDANTS uniformly control and operate each of the thirty one facilities set forth above.

23.     Furthermore, the MANAGEMENT DEFENDANTS operate the FACILITIES as an alter ego and/or single enterprise, by (1) commingling of funds and other assets; (2) treating each entity as if it was solely his, (3) holding out to

GARCIA & ARTIGLIERE
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

lenders that he is personally liable for debts of the entities, (4) failing to maintain adequate corporate records, owning all of the stock, (5) use of the different entities as mere conduit for a single enterprise, and concealment of his financial interest in the companies, and (6) using other mechanisms and according to proof at time of trial.

24. The "Single Enterprise" formed by the DEFENDANTS is exemplified by the FACILITIES funneling cash to the MANAGEMENT DEFENDANTS and other entities in exchange for non-existent phantom services and obligations which are, in fact, simply efforts by the MANAGEMENT DEFENDANTS to move money, goods and services around from one of their commonly owned and/or controlled entities to another with no regard to their legal separation. The agreement to pay for such services was not the result of an arm's length negotiation but was rather dictated to ATRIA MANAGEMENT COMPANY, LLC by ATRIA MANAGEMENT COMPANY, LLC as the manager of ATRIA MANAGEMENT COMPANY, LLC, and in furtherance of the take from one pocket place it another mentality of a single enterprise.

25. Because the funds that were improperly siphoned to the MANAGEMENT DEFENDANTS for phantom services as alleged in the immediately preceding paragraph should have instead gone to pay for labor costs to ensure that the FACILITIES was sufficiently staffed to meet the needs of the residents, failing to hold DEFENDANTS liable under an alter ego theory would lead to an inequitable result.

26. Due to the DEFENDANTS' direct conduct, as well as their practice of aiding and abetting the wrongful acts and omissions alleged herein and at the direction of the true owner, operators and directors of the FACILITIES, Plaintiff and the Class suffered the significant injuries more fully alleged herein as well as other injuries according to proof at trial.

27. Critical operational decisions having impact on the FACILITIES'

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

M:\Atria Management, In Re (24-005)\Pleadings\Complaint.docx

revenues and expenditures were centrally made and controlled by the DEFENDANTS at a corporate level at the direction of the true owners, operators and directors of the DEFENDANTS. More specifically, the MANAGEMENT DEFENDANTS determined and controlled: the staff allowed to work in their RCFE chain; the staffing expenditures at each of the FACILITIES; the revenue targets for each of the FACILITIES, the census mix/targets as well as resident recruitment programs for each of the FACILITIES. In sum, at all relevant times, all cash management functions, revenues and expenditure decisions at each of the FACILITIES were tightly controlled at the corporate level at the direction of the true owners, operators, and directors of the facilities, the MANAGEMENT DEFENDANTS. This was the case at the FACILITIES. Accordingly, decisions as to staffing and census were made irrespective of patient population needs in the facilities, but rather, were determined by the financial needs of the company.

28.    In addition to the aforementioned allegations, it is alleged upon information and belief that the managerial and operational control exerted by the MANAGEMENT DEFENDANTS over the FACILITIES is also achieved through the implementation of uniform policies and procedures that the MANAGEMENT DEFENDANTS disseminate to the FACILITIES and with which the FACILITIES and its employees and agents are mandated to comply.

## **GENERAL ALLEGATIONS**

28.    DEFENDANTS have owned, licensed, operated, administered, managed, directed, and/or controlled multiple RCFEs in California within the four years prior to the filing of this Complaint through the date of the final disposition of this action. In owning, operating, managing, administrating, controlling, and/or supervising various RCFEs throughout the State of California, Defendants had to comply with California statutory and regulatory law governing the operation of RCFEs. In owning, operating, managing, administrating, controlling, and/or supervising their RCFEs, DEFENDANTS were also subject to the authority of

GARCIA & ARTIGLIERE
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
M:\Atria Management, In Re (24-005)\Pleadings\Complaint.docx

licensing and other governmental agencies, including but not limited to the California Department of Social Services (DSS).

29.     RCFEs are an intermediate step between independent living and nursing homes. They are specifically geared to persons over 60 years of age, and do not provide medical care treatment. They are intended as a "humane approach to meeting the housing, social, and service needs of older persons," by providing a home life environment for older persons who require a variety of care and needs. (Cal. *Health & Safety Code*, § 1559.1(g).

30.     All RCFEs are generally governed by the California Residential Care Facilities for the Elderly Act (1989) (Cal. *Health & Safety Code*, §§ 1569-1569.87). The governing regulations of RCFEs are set forth in Cal. *Code of Regulations*, tit. 22, §§ 87100-87730. Cal. *Health & Safety Code*, § 1569.31 clearly mandates that, "[T]he regulations for a license shall prescribe standards of safety and sanitation for the physical plant and standards for basic care and supervision, personal care, and services to be provided."

31.     At all relevant times hereto, applicable regulations mandated that the DEFENDANTS maintain staffing at their FACILITIES sufficient in numbers and competency to provide the services necessary to meet resident needs. Specifically, Cal. *Code of Regulations*, tit. 22, § 87411 provides in relevant part: "(a) Facility personnel shall at all times be sufficient in numbers, and competent to provide the services necessary to meet resident needs."

32.     It is alleged that Plaintiff and each class member were admitted to the FACILITIES pursuant to the utilization of the Standard Admission Agreement" as mandated by Cal. *Code of Regulations*, tit. 22, § 87507 "with each resident or the resident's representative."

33.     Pursuant to Cal. *Code of Regulations*, tit. 22, , §87468(b), "(b) At the time the admission agreement is signed, a resident and the resident's representative shall be personally advised of and given a copy of:

GARCIA & ARTIGLIERE
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
M:\Atria Management, In Re (24-005)\Pleadings\Complaint.docx

(1) The personal rights of residents specified in Sections 87468.1, Personal Rights of Residents in All Facilities and 87468.2, Additional Personal Rights of Residents in Privately Operated Facilities, as applicable to the facility.

   (A) The licensee shall have each resident and the resident's representative sign a copy of these rights, and the signed copy shall be included in the resident's record.

This requirement is echoed at Cal. *Health & Safety Code*, § 1569.267 as it relates to the Resident Rights enumerated in Cal. *Health & Safety Code*, § 1569.269.

34.    Pursuant to this uniform representation that the services provided by the Defendants would meet the particularized standards as set forth in the Resident Bill of Rights attached to the uniform Admission Agreement, the DEFENDANTS were to provide all residents of the FACILITIES services consistent with the mandatory requirements of Cal. *Code of Regulations*, tit. 22, § 87468.2(a)(4), most specifically the right "to care, supervision, and services that….are delivered by staff that are sufficient in numbers" to meet resident needs. In turn this meant a promise of compliance with Cal. *Code of Regulations*, tit. 22, § 87411(a) which mandates that "(a) Facility personnel shall at all times be sufficient in numbers, and competent to provide the services necessary to meet resident needs."

35.    These uniform representations of the DEFENDANTS in the Admission Agreement as to the nature of their services in this regard were false and actually known to be false when made by the DEFENDANTS when made in that the DEFENDANTS failed to sufficiently staff their FACILITIES to meet resident needs.

36.    During the admissions process and/or prior to becoming residents of the FACILITIES, representatives of the FACILITIES presented Plaintiff and each class member, and/or each's legal representative, with a standard admission agreement containing the resident bill of rights as an attachment to the admission agreement as mandated. Plaintiff and each member of the class, and/or each's legal representative, read and understood the standard admission agreement and the

GARCIA & ARTIGLIERE
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

13

Residents Rights and relied upon the material terms contained therein. In reliance on the terms of the standard admission agreement, Plaintiff and each member of the class, and/or each's legal representative, decided that Plaintiff and each member of the class would become and/or remain residents of the FACILITIES, and signed the admission agreement and became and/or remained residents of the FACILITIES. Each and every putative class member, and most specifically the named Plaintiff, and/or their legal representatives acting on their behalf, justifiably relied on these false written representations in agreeing to the terms and obligations of the written admission agreement to their detriment and as more fully set forth below.

37.    Before, during, and after the admissions processes of Plaintiff and each class member, the DEFENDANTS actively and intentionally concealed from Plaintiff and class members that at all times relevant hereto the FACILITIES did not have personnel (on duty) … at all times be sufficient in numbers, and competent to provide the services necessary to meet resident needs."

38.    It is alleged that the concealments by DEFENDANTS alleged in the immediately preceding paragraph were intended to deceive Plaintiff and members of the class into believing that the FACILITIES were properly operated to induce Plaintiff and class members into becoming and/or remaining residents of the FACILITIES. Plaintiff and members of the class, all in infirm health, elderly, and/or in need of RCFE care and members of one of the most vulnerable segments of our society, and/or each's legal representatives, were unsophisticated and unknowledgeable in the operation of FACILITIES in the State of California and had no knowledge of the facts concealed by DEFENDANTS and could not have discovered those concealed facts due to, among other things, their extremely vulnerable status. Had the concealed facts been disclosed to Plaintiff and members of the class, and/or each's legal representatives, Plaintiff and members of the class would not have become and/or remained residents of the FACILITIES and would not have paid, or had monies paid on their behalf, for the substandard RCFE care at the

GARCIA & ARTIGLIERE
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

FACILITIES.

39. Before, during, and after the admissions processes of Plaintiff and each class member, the DEFENDANTS actively and intentionally concealed from Plaintiff and class members and/or each's legal representatives that DEFENDANTS did not devote sufficient financial resources to the proper staffing of the FACILITIES and instead diverted those resources to create ill-begotten profits for DEFENDANTS. It is alleged that this concealment by DEFENDANTS was intended to deceive Plaintiff and members of the class and/or each's legal representatives into believing that the FACILITIES were properly operated and sufficiently staffed to induce Plaintiff and class members into becoming and/or remaining residents of the FACILITIES. That Plaintiff and members of the class, all in infirm health, elderly, and/or in need of RCFE care and members of one of the most vulnerable segments of our society, and/or each's legal representatives, were unknowledgeable and unsophisticated in the operation of residential care facilities for the elderly in the State of California and had no knowledge of the facts concealed by DEFENDANTS and could not have discovered those concealed facts due to, among other things, their extremely vulnerable status. Had the concealed facts been disclosed to Plaintiff and members of the class and/or each's legal representatives, Plaintiff and members of the class would not have become and/or remained residents of the FACILITIES and would not have paid, or had monies paid on their behalf, for the substandard RCFE care at the FACILITIES.

40. Before, during, and after the admissions processes of Plaintiff and each class member, the DEFENDANTS actively and intentionally concealed from Plaintiff and class members and/or each's legal representatives that DEFENDANTS chronically understaffed the FACILITIES with an inadequate number of staff to carry out the function of the FACILITIES as more fully alleged herein, and in so doing and as a result thereof, the DEFENDANTS have violated the rights afforded to all residents of the FACILITIES. It is alleged that this concealment by DEFENDANTS

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

M:\Atria Management, In Re (24-005)\Pleadings\Complaint.docx

was intended to deceive Plaintiffs and members of the class into believing that the FACILITIES were properly staffed to induce Plaintiff and class members into becoming and/or remaining residents of the FACILITIES. Plaintiff and members of the class, all in infirm health, elderly, and/or in need of residential care and members of one of the most vulnerable segments of our society, and/or each's legal representatives, were unknowledgeable and unsophisticated in the operation of RCFE's in the State of California and had no knowledge of the facts concealed by DEFENDANTS and could not have discovered those concealed facts due to, among other things, their extremely vulnerable status. Had the concealed facts been disclosed to Plaintiff and members of the class and/or each's legal representatives, Plaintiff and members of the class would not have become and/or remained residents of the FACILITIES and would not have paid, or had monies paid on their behalf, for the substandard care at the FACILITIES.

41.    At all times relevant hereto the DEFENDANTS were "care custodians" of PLAINTIFF and members of the putative class as that term is defined in Cal. *Welfare & Institutions Code*, § 15610.17. *A*t all relevant times hereto, Plaintiff and class members were "dependent adults" and/or "elders" as those terms are defined in Cal. *Welfare & Institutions Code*, §§ 15610.23 and 15610.27, respectively. Plaintiff and members of the class, all in infirm health, elderly, and/or dependent on DEFENDANTS for care and supervision, were members of one of the most vulnerable segments of our society as the California Legislature specifically declared in enacting the Elder Abuse Dependent Adult Civil Protection Act (EADACPA, Cal. *Welfare & Institutions Code*, § 15600 et seq.), wherein it stated "[t]he Legislature further finds and declares that infirm elderly persons and dependent adults are a disadvantaged class…" Cal. *Welfare & Institutions Code*, § 15600(h).

42.    At all times relevant hereto, as a result of their status as residents of RCFEs and as elders and dependent adults, Plaintiff and members of the class were in an inherently vulnerable position as the California Legislature specifically found

GARCIA & ARTIGLIERE
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

and declared in enacting EADACPA, wherein it declared that "most elders and dependent adults who are at the greatest risk of abuse, neglect, or abandonment by their families or caretakers *suffer physical impairments and other poor health that place them in a dependent and vulnerable position*." Cal. *Welfare & Institutions Code*, § 15600(d) (emphasis added). The California Legislature has further found and declared that "a significant number of these persons have developmental disabilities and that mental and verbal limitations often leave them vulnerable to abuse and incapable of asking for help and protection." Cal. *Welfare & Institutions Code*, § 15600(c).

43.     As result of Plaintiff and class members' vulnerable status and DEFENDANTS' status as their care custodians, the DEFENDANTS were in a confidential relationship with Plaintiff and the Class giving rise to a fiduciary duty, and ergo a duty to disclose the concealed material facts alleged hereinabove. The relationship between the vulnerable Plaintiff and class members and DEFENDANTS as their care custodians has led to the empowerment of DEFENDANTS by Plaintiff and the Class, which the DEFENDANTS have solicited and accepted in admitting them as residents to the FACILITIES, and which has prevented Plaintiff and class members from effectively protecting themselves, resulting in DEFENDANTS' fiduciary duty to disclose the concealed facts alleged hereinabove, which the DEFENDANTS failed to do.

44.     In addition, these class members made monetary payments to the DEFENDANTS in return for RCFE services of the standard promised by the DEFENDANTS in the uniform Admission Agreement and its attachments which are incorporated into the Admission Agreement as alleged above. The class has suffered pecuniary harm in that the DEFENDANTS did not provide such services of the standard represented. In addition, Plaintiff and class members have suffered pecuniary harm in that DEFENDANTS misrepresented that entering into an admission agreement with DEFENDANTS conferred the statutory resident right of Plaintiffs and

GARCIA & ARTIGLIERE
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

GARCIA & ARTIGLIERE

ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

1  class members to reside in a facility that employs "an adequate number of qualified
2  personnel to carry out all of the functions of the facility" when in fact the transaction
3  of entering into an admission agreement with DEFENDANTS did not confer such
4  right.

5    45.    That is, simply by entering into an admission agreement with a
6  resident, the DEFENDANTS represent in writing as an exhibit or addendum attached
7  to the admission agreement of Plaintiff, and all others similarly situated, that the
8  DEFENDANTS will provide services of the standard and quality consistent with the
9  Resident Bill of Rights.

10    46.    The representations of DEFENDANTS as incorporated into their
11  admissions contracts are false and known by the DEFENDANTS to be false when
12  made. Plaintiff and the class and/or each's legal representatives relied on these
13  misrepresentations into Plaintiff and members of the class becoming and/or remaining
14  residents of the FACILITIES. In reliance of these misrepresentations, Plaintiff and
15  the class made payments to the DEFENDANTS in return for these services as
16  promised. Plaintiff and the class suffered pecuniary harm in the form of lost payments
17  and lost services when the DEFENDANTS actually failed to provide these promised
18  RCFE services as represented.

19    47.    It is alleged that DEFENDANTS' representations set forth in their
20  uniform resident admission agreements that they would ensure their residents' right
21  to live in an adequately staffed facility were false because, instead of providing the
22  represented standard of care, at all times herein relevant the DEFENDANTS
23  intentionally concealed from Plaintiff and members of the class that the
24  DEFENDANTS conceived and implemented a plan to wrongfully increase business
25  profits at the expense of the rights and health of residents such as Plaintiff, and others
26  similarly situated through the chronic understaffing and under-funding of the
27  FACILITIES which prevented the FACILITIES from ensuring their residents'
28  statutory right to live in an adequately staffed facility that would meet the needs of

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
M:\Atria Management, In Re (24-005)\Pleadings\Complaint.docx

the residents, rendering the representations of the DEFENDANTS as to the nature and quality of their services as false.

48.    It is alleged that minimum staffing of care personnel in the FACILITIES is dependent by law upon the acuity (need) level of the residents of the FACILITIES. It is specifically alleged that FACILITIES resident acuity levels during the class period were so high such that the level of staffing maintained at the FACILITIES failed to meet the mandatory requirement of Cal. *Code of Regulations*, tit. 22, § 87411 which provides in relevant part: "(a) Facility personnel shall at all times be sufficient in numbers, and competent to provide the services necessary to meet resident needs.

49.    The methodology of determination of the DEFENDANTS' violations and knowledge regarding the intentional/fraudulent concealment and misrepresentation, is easily obtainable and provable on a facility-wide, not resident-specific basis, as follows:

    A. The first step in the analysis is to determine the collective resident acuity and care needs using resident assessment data and overall resident care plans.

    B. The second step is to determine the actual staffing levels for care personnel. This step involves analyzing data from facility internal staffing reports and payroll data, and/or time cards.

    C. The third step is to determine appropriate care personnel staffing levels based on resident acuity. Sources of information include (1) research studies, expert opinions, and professional recommendations on the minimum staffing levels.

    D. The fourth step is to compare the actual facility staffing to the appropriate staffing levels based on acuity for each facility to identify gaps.

50.    The staffing analysis described above is done at a facility-level. Thus, it does not require any individualized inquiry into how many hours of care any specific resident received on any given day. Rather, the proper analysis is whether the *facility as a whole* employed an adequate number of staff to competently care for the collective needs of its residents.

GARCIA & ARTIGLIERE
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

51.    It is specifically alleged that if a RCFE's staffing levels are lower than the level of staffing required to meet the needs of residents as determined by their collective acuity, that facility has violated its residents' statutory, affirmative and actionable right to reside in an adequately staffed RCFE as mandated by Cal. *Code of Regulations*, tit. 22, § 87411 which provides in relevant part: "(a) Facility personnel shall at all times be sufficient in numbers, and competent to provide the services necessary to meet resident needs." Upon information and belief, it is alleged that the FACILITIES were inadequately staffed in violation of Cal. *Code of Regulations*, tit. 22, § 87411

## FIRST CAUSE OF ACTION
## VIOLATION OF THE UCL AGAINST ALL DEFENDANTS

52.    PLAINTIFF refers to, and incorporates herein by this reference, all paragraphs set forth hereinabove as though fully set forth herein.

53.    The conduct of the DEFENDANTS, as alleged, is part of a general business practice of the DEFENDANTS, and all facilities owned, managed and/or operated by these DEFENDANTS, in the State of California, conceived and implemented by DEFENDANTS. This practice exists in part because the DEFENDANTS unreasonably expect few adverse consequences will flow from the mistreatment of their elderly and vulnerable clientele, and DEFENDANTS made a considered decision to promote profit at the expense of their statutory and regulatory obligations, as well as their moral, legal and ethical obligations to their residents. This practice exists so as to maximize profit by retaining monies that were paid to the DEFENDANTS for the care and services to be provided to residents of DEFENDANTS' facilities. That is, DEFENDANTS, for a period of four years preceding the filing of the complaint in this matter, received payment from, and/or on behalf of, Plaintiff and class members for services which were not rendered consistent with statutory and regulatory requirements, granting DEFENDANTS a windfall of profit derived from violation of law.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

M:\Atria Management, In Re (24-005)\Pleadings\Complaint.docx

54.    It has been expressly acknowledged by the California State Legislature that elder and infirm adults are a disadvantaged class of citizens. That it serves an important and vital State interest to protect these elders from financial abuse and pecuniary as defined in California law.

55.    It is alleged that provisions of the California *Health & Safety Code* require RCFEs such as the DEFENDANTS' Facilities to provide adequate, qualified staffing to meet resident needs and to carry out all functions at the facility. Specifically, *Health & Safety Code* §1569.2 defines "care and supervision" to mean "the facility assumes responsibility for, or provides or promises to provide in the future, ongoing assistance with activities of daily living without which the resident's physical health, mental health, safety, or welfare would be endangered. Assistance includes assistance with taking medications, money management or personal care." *Health & Safety Code* §1569.2.

56.    It is alleged that Title 22 *Cal. Code of Regulations* require RCFEs such as the DEFENDANTS' Facilities to provide adequate, qualified staffing to meet resident needs and to carry out all functions at the facility, regardless of whether adequate staffing would require more staff than any required bare numeric ratios. Pursuant to *Health & Safety Code* §1569.31, these regulations set the standard of care with which RCFEs must comply.

57.    Specifically, Title 22 *California Code of Regulations* §87411 states that RCFE personnel "shall at all times be sufficient in numbers, and competent to provide the services necessary to meet resident needs." Title 22 *California Code of Regulations* §87411. Furthermore, Title 22 *California Code of Regulations* §87464 provides that "if a facility chooses to accept a particular resident for care, the facility shall be responsible for meeting the resident's needs as identified in the pre-admission appraisal specified in Section 87457, Pre-admission Appraisal and providing the other basic services specified below, either directly or through outside resources." Title 22 *California Code of Regulations* §87464.

GARCIA & ARTIGLIERE
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
M:\Atria Management, In Re (24-005)\Pleadings\Complaint.docx

58.     The DEFENDANTS, as operators of the Facilities, cannot claim ignorance of these regulatory requirements without endangering their very licensure. RCFEs have the "responsibility to see to it that the license is not used in violation of law." (*California Assn. of Health Facilities v. Department of Health Services* (1997) 16 Cal.4th 284, 295.); see also Title 22 *California Code of Regulations* §87205 (the licensee of a RCFE "shall exercise general supervision over the affairs of the licensed facility and establish policies concerning its operation in conformance with these regulations and the welfare of the individuals it serves.").

59.     It is alleged that each of DEFENDANTS' facilities was inadequately staffed in violation of Title 22 *California Code of Regulations* 87411 and 87464 at all times relevant hereto.

60.     Had Plaintiff and the members of the class known that DEFENDANTS' facilities were inadequately staffed, as alleged herein, Plaintiff and members of the class would not have entered or remained at the DEFENDANTS' facilities, Plaintiff and members of the class would not have paid, or had paid on their behalf, monies for the care provided to them, and Plaintiff and members of the class would not have sustained the injuries and damages alleged herein .

61.     That as a result of the DEFENDANTS' inadequate staffing of their facilities, as alleged herein, Plaintiff and members of the class remained in a situation which DEFENDANTS knew, or should have known, posed a substantial risk of, and in fact did cause, economic injury to Plaintiff and members of the class and violation of the resident rights of both Plaintiff and members of the class.

62.     That as a direct, actual, legal, and proximate cause of DEFENDANTS' inadequate staffing of their facilities, as alleged herein, Plaintiff and members of the class suffered unjustifiable and substantial economic injury and a violation of their statutory resident rights.

63.     These practices and regulatory violations alleged hereinabove constitute unfair, unlawful and fraudulent business practices within the meaning of *Business and*

GARCIA & ARTIGLIERE
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

*Professions Code* §§17200, et seq.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE CONSUMER LEGAL REMEDIES ACT (Civil Code §1750, et seq.) [By PLAINTIFF Against All DEFENDANTS]

64.    Plaintiff hereby incorporates the allegations asserted in all the paragraphs set forth above as though set forth below.

65.    As a result, Defendants have violated and continue to violate the Consumer Legal Remedies Act, *Civil Code* §1770 et seq. ("CLRA") in at least the following respects:

a.    In violation of section 1770(a)(5), the defendants' acts and practices constitute misrepresentations that the care and supervision that they purport to provide had characteristics, standards, performance and level of quality which it did not have; and

b.    In violation of section 1770(a)(7), the defendants' acts and practices constitute misrepresentations that the care and supervision that they purport to provide is of a particular standard, quality and/or grade, when it is not.

c.    In violation of section 1770(a)(9), the defendants' acts and practices constitute misrepresentations of the nature of their services with the intent not to sell them as represented.

d.    In violation of section 1770(a)(14), the defendants' acts and practices constitute misrepresentations that the transaction of entering into the Residency Agreement with Defendants conferred or involved rights, remedies, or obligations which the transaction did not have or involve, or which was prohibited by law.

66.    Pursuant to Section 1782, in conjunction with the filing of this complaint,

GARCIA & ARTIGLIERE
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

Plaintiff will notify DEFENDANTS in writing of the asserted violations of Section 1770 and demanded that DEFENDANTS rectify the conduct described above.

67.     If DEFENDANTS have failed to take appropriate corrective or remedial action or failed to agree to take such action within 30 days after receipt of the notice, Plaintiff will amend this complaint to request actual damages, plus punitive damages, interest and attorneys' fees. Pursuant to Section 1782(2), plaintiff seeks an order enjoining the above-described wrongful acts and practices of DEFENDANTS, plus costs and attorneys' fees, and any other relief which the Court deems proper.

68.     Plaintiff and members of the class are "senior citizens" as defined by Section 1761(f) and meet the requirements of Section 1780(b) to each be entitled to an award of $5,000 in addition to the other remedies available under the CLRA.

69.     The Defendants' conduct as alleged in this cause of action was, and is, malicious, oppressive and/or fraudulent.

**WHEREFORE**, plaintiff prays for judgment as follows:

1.     For a Court order certifying that the action may be maintained as a class and/or representative action;

2.     For an injunction, requiring that Defendants' facilities maintain staffing levels which are in compliance with applicable statutes and regulations, including but not limited to Title 22 *California Code of Regulations* §87411 and 87464;

3.     For attorney's fees and costs as allowed by law according to proof at the time of trial, including, but not limited to attorneys' fees and costs pursuant to *Code of Civil Procedure* §1021.5 and *Civil Code* §1780(e);

4.     For actual damages in a total amount to exceed one thousand dollars pursuant to *Civil Code* §1780(a)(1);

5.     For restitution of Plaintiff and class member property pursuant to *Civil Code* §1780(a)(3);

6.     For punitive damages pursuant to *Civil Code* § 1780(a)(4) and as

GARCIA & ARTIGLIERE
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

otherwise allowed by law;

7. For civil penalties for "senior citizens" and "disabled persons" in the amount of $5,000 for each Plaintiff and class member pursuant to *Civil Code* §1780(b);

8. For treble damages pursuant to *Civil Code* §3345;

9. For such other and further relief as the Court may deem just and proper.

DATED:  January 31, 2024    **GARCIA & ARTIGLIERE**

By: *Stephen M. Garcia*
Stephen M. Garcia
Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury.

DATED:  January 31, 2024    **GARCIA & ARTIGLIERE**

By: *Stephen M. Garcia*
Stephen M. Garcia
Attorneys for Plaintiff

GARCIA & ARTIGLIERE
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271